T.C. Memo. 2002-290

UNITED STATES TAX COURT

STEVE DALE HORN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 841-02.                    Filed November 25, 2002.

Steve Dale Horn, pro se.

<u>Thomas C. Pliske</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $1,427 deficiency in petitioner's 1998 Federal income tax.  The sole issue is whether petitioner, as a noncustodial parent, is entitled to

dependency exemption deductions for his three children under section 151.[1]

## Background

The parties have stipulated many of the facts, which we incorporate herein by this reference. When he petitioned this Court, petitioner resided in Rolla, Missouri.

Petitioner and his wife, Rochelle Horn (Rochelle), had three children (the children): Niccole, born October 1, 1981; Virginia, born October 31, 1987; and Wesley, born December 20, 1990.

On February 9, 1995, petitioner and Rochelle divorced. On that same day, Rochelle signed a handwritten note, which stated: "I agree to give Steve the children as tax deduction[s] only if it does not interfer[e] with my ability to receive Federal Student Aid."

During 1998, none of the children resided with petitioner. That year, petitioner paid Rochelle $9,435 as child support.

On his 1998 Form 1040A, U.S. Individual Income Tax Return, petitioner claimed dependency exemption deductions with respect to the children. He attached to his 1998 Form 1040A an unsigned and undated Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. He also attached to his 1998 Form

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

1040A a handwritten note, dated February 23, 1999, which stated as follows:

> To Whom it may Concern,
>
> As in the previous years, my ex-spouse Rochelle (Shellie) Jane Horn refuses to sign Form 8332 stating it would "mess up" her ability to receive financial [aid] for her schooling.
>
> Sincerely,
> Steven D. Horn

In the notice of deficiency, respondent disallowed petitioner's claimed exemption deductions for the children on the grounds that petitioner had failed to verify his entitlement thereto.

## Discussion

A taxpayer generally may deduct an exemption amount for each dependent child under 19 years of age. Sec. 151(c)(1)(B)(i). To be entitled to claim a child as a dependent, the taxpayer generally must provide over half the child's support. Sec. 152(a). If the child's parents are divorced or separated, the child will generally be treated as receiving over half of his support from the custodial parent; i.e., the parent having custody for a greater portion of the calendar year. Sec. 152(e)(1). As an exception to this general rule, the noncustodial parent is treated as providing over half the support

if the custodial parent releases his or her claim to the exemption for the year.[2]  This exception applies only if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year. [Sec. 152(e)(2)(A) and (B).]

Under the applicable regulations, to claim an exemption for a dependent child, a noncustodial parent must attach to his or her income tax return a "written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  The custodial parent may make this written declaration on Form 8332.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.  Form 8332 requires, among other things, that the custodial parent sign a statement that "I agree not to claim an exemption for" the child

---

[2] Two other exceptions to the general rule of sec. 152(e)(1) are inapplicable here:  (1) There is no evidence of a multiple-support agreement within the meaning of sec. 152(e)(3); and (2) petitioner's divorce occurred after 1984, and there is no "qualified pre-1985 instrument" within the meaning of sec. 152(e)(4).

or children named on the form for the tax years specified on the form.  A written declaration that is made other than on Form 8332 must "conform to the substance of such form."  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

If the custodial parent releases the exemption for more than 1 year, "the original release must be attached to the return of the noncustodial spouse and a copy of such release must be attached to his/her return for each succeeding taxable year for which he/she claims the dependency exemption."  Id. at Q&A-4.

It is undisputed that Rochelle was the children's custodial parent during 1998.  Accordingly, under the general rule of section 152(e)(1), Rochelle gets the exemptions for the children.  As explained below, petitioner has not shown that Rochelle released her claim to the exemptions in accordance with the provisions of section 152(e)(2).

The unsigned and undated Form 8332 which petitioner attached to his 1998 Form 1040A is invalid as a release of Rochelle's claim to the exemptions.  See Miller v. Commissioner, supra at 190-191.

Moreover, Rochelle's February 9, 1995, handwritten note, indicating that she agreed to "give" petitioner the exemptions "only if it does not interfer[e] with my ability to receive Federal Student Aid", does not meet the requirements of a valid release pursuant to section 152(e)(2) or otherwise conform to the substance of Form 8332, as required by the applicable

regulations.  See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.  The February 9, 1995, handwritten note fails to identify the specific years to which it was meant to apply.  It was not attached to petitioner's 1998 return, as required by section 152(e)(2)(B).  More fundamentally, it does not state unconditionally that Rochelle agrees not to claim the exemptions.  See sec. 152(e)(2)(A); White v. Commissioner, T.C. Memo. 1996-438.  In fact, as petitioner admitted in his February 23, 1999, note attached to his 1998 Form 1040A, Rochelle refused to release her claim to the exemptions for 1998.

Accordingly, petitioner is not entitled to dependency exemption deductions for the children for 1998.  See Neal v. Commissioner, T.C. Memo. 1999-97; Cafarelli v. Commissioner, T.C. Memo. 1994-265; Brown v. Commissioner, T.C. Memo. 1992-548, affd. without published opinion 7 F.3d 1042 (8th Cir. 1995).

In light of the foregoing,

Decision will be entered for respondent.